UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DENNIS SHAWN ROBERTS                                                                       PLAINTIFF

v.                                                CIVIL ACTION NO. 4:18-CV-P190-JHM

DAVIESS CO. DETENTION CENTER, et al.                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Dennis Shawn Roberts filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, certain claims will be dismissed, and Plaintiff will be afforded the opportunity to amend his complaint.

### I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Daviess County Detention Center (DCDC). He names as Defendants the DCDC and in their official and individual capacities DCDC Jailer Art Maglinger, Deputy Moore, and "all staff who handles legal mail." He alleges that his legal mail has been opened without his consent and outside his presence on several occasions. His claim against Defendant Moore appears to be that Defendant Moore has not provided him with the names of the DCDC employees who handle and sort legal mail. Finally, he asks that if he is to be shipped to another facility because he has filed this lawsuit, "I would request the Class D coordinator of Daviess Co. Det. Center to be asked by this Dist. Court to send me to Crittenden Co. for they have an abundance of classes to get time knocked off sentence so I can return home to my family sooner."

As relief, Plaintiff requests monetary, punitive, and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Request regarding transfer***

Plaintiff asks that he be sent to Crittenden County if he is to be shipped to another facility because he has filed this lawsuit.

The Court does not have the authority to supervise classification and assignment of inmates to various institutions, and an inmate does not have a protected right to be assigned to a particular prison, security classification, or housing assignment. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). As such, Plaintiff's request for a transfer must be dismissed.

*Official-capacity claims and claim against DCDC*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of DCDC in their official capacities are actually brought against the Daviess County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Similarly, Plaintiff's claims against DCDC must also be considered as being brought against Daviess County. DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Daviess County is a "person" for purposes of § 1983. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against DCDC as being brought against Daviess County.

When a § 1983 claim is made against a municipality, like Daviess County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege the existence of a Daviess County policy or custom that was the moving force behind the alleged constitutional violations. Consequently, Plaintiff has failed to

4

state a claim against Defendant DCDC or against the other named Defendants in their official capacities, and those claims will be dismissed.

*Claim against Jailer in his individual capacity*

Plaintiff does not allege that Defendant Maglinger engaged in any unconstitutional behavior. "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). As stated above, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).

Thus, it is not enough that Defendant Maglinger is the Jailer. Without an allegation that he personally was involved in the alleged unconstitutional conduct, Plaintiff fails to state a claim against him in his individual capacity, and the claim must be dismissed.

*Claim against Defendant Moore*

Plaintiff's claim against Defendant Moore appears to be that Defendant Moore has not provided him with the names of the DCDC employees who handle and sort legal mail. Plaintiff does not explain how failure to provide him with employees' names is a constitutional violation.

Under the First Amendment, prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 350-51). "No actual injury occurs without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.'" *Winburn*, 43 F. App'x at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Simply alleging that Defendant Moore refused to provide him with the names of the DCDC employees who handle the mail does not state a First Amendment claim. *See Thomas v. Erdos*, No. 1:16-CV-793, 2016 WL 7106358, at *5 (S.D. Ohio Nov. 2, 2016) (finding that where plaintiff alleged that defendants neglected to provide him with the names of other defendants, denied him access to the law library, and read or destroyed his legal papers but did not allege that he had been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on defendants' conduct failed to state a First Amendment claim for denial of access to the courts), *report and recommendation adopted*, No. 1:16-CV-793, 2016 WL 7049261 (S.D. Ohio Dec. 5, 2016).

However, should Defendant Moore actually prevent Plaintiff from naming the appropriate individual(s) responsible for the alleged unconstitutional handling of Plaintiff's legal mail, such would constitute an access-to-courts claim.

*Legal-mail claim*

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). However, "[p]rison officials may, of course, impose restrictions that are 'reasonably related' to the prison's security needs or other 'legitimate penological objectives.'" *Id*. (citations omitted). The Sixth Circuit noted, "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993).

> The Supreme Court and this Circuit have repeatedly held that a prisoner has some First Amendment rights to receive mail, subject to the right of prison officials to open a prisoner's incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security. That case law has also acknowledged that the opening of "legal mail" should generally be in the inmate's presence in accordance with appropriately drafted and uniformly applied regulations.

*Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

Upon consideration, the Court will allow Plaintiff to amend his complaint to name the individual(s) in his/her/their individual capacities he contends violated his First Amendment right related to his legal mail. Based on the complaint, it appears that he has attempted to identify the names of these individuals but Defendant Moore has refused to provide the names. **The Court ADVISES Defendant Moore that continuing to refuse to reveal those names could constitute a violation of Plaintiff's right to access the court**.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff may **within 30 days** of entry of this Order amend his complaint to name an individual or individuals in their individual capacities who allegedly violated his First Amendment rights related to his legal mail.

The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of this Court's 42 U.S.C. § 1983 complaint form with this case number and "AMENDED" affixed thereto.

Should Plaintiff fail to file an amended complaint, this action will be dismissed for the reasons set forth herein.

Date: May 24, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.009