# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**DENNIS SHAWN ROBERTS**                                                          **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:18-CV-P190-JHM**

**DAVIESS COUNTY DETENTION CENTER et al.**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On initial review of the *in forma pauperis* civil-rights complaint filed by *pro se* Plaintiff Dennis Shawn Roberts, the Court found that Plaintiff failed to state a claim against the named Defendants, *i.e.*, the Daviess County Detention Center (DCDC), DCDC Jailer Art Maglinger, Deputy Moore, and "all staff who handles legal mail." However, the Court provided Plaintiff with thirty days to amend his complaint to name persons in their individual capacities who claimed violated his First Amendment right related to his legal mail. When Plaintiff did not do so, the Court dismissed this action. *See* DNs 15 & 16. However, Plaintiff filed a motion to reopen, and the Court reopened this action. *See* DN 19.

Now before the Court is Plaintiff's amended complaint (DN 18), which the Court will review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court finds that certain claims will be allowed to proceed.

## I. STATEMENT OF CLAIMS

In his original complaint, Plaintiff, then a prisoner at DCDC, alleged that his legal mail has been opened without his consent and outside his presence on several occasions in violation of his civil rights. In particular, he stated in pertinent part:

> A legal doc from US Eastern Dist Court of London, Ky. And again a doc from
> Wayne Co. circuit court clerk on 11-23-18 again an United States Dist Court of

> Louisville also on 12-12-18. I received a letterhead from probation and parole. All these legal doc where opened without my consent or even myself being present. In fact violating my civil right.

As relief, Plaintiff requested monetary, punitive, and injunctive relief.

In the amended complaint, Plaintiff alleges that Daviess County should be held responsible "because of not holding the jail to consent to decree of the rules and rights of the inmates they house, lack of knowledge by staff maybe by inproper training of their officials in the way of violating inmate rights by opening legal mail[.]" He also alleges that he had to ask "family members to send my legal mail via priority mail, as that matter my family had to pay postage just so I could have a tracking number to better understand and stop my legal mail being opened and further understand if I was in fact getting my etc."

Plaintiff refers to requests he made at the DCDC "kiosk" and invites the Court to obtain those. He asks that the Court lessen his burden by allowing him "to name the defendants and what right I know they have violated, then give the kiosk ID# to reference the defendant being named in civil action[.]" As Defendants, Plaintiff names Daviess County, Deputy David Bowman, Jailer Art Maglinger, Deputy Jack Jones, and Deputy Joseph Moore. Plaintiff alleges that Defendant Maglinger handed him "open legal documents"; that Defendant Bowman "brought legal mail to me already opened"; and that Defendants Jones and Moore "impeded or frustrated access to courts and due-process claus[e]." His amended complaint also mentions retaliation.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A. *Claim for injunctive relief*

Plaintiff is no longer housed at DCDC. He is now housed at Fulton County Detention Center. Thus, his request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *see also Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) (per curiam) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.").

## B. *First Amendment claim related to his mail*

The First Amendment affords inmates the right to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Courts ascribe particular significance to this right when "legal mail" is involved, granting special protection to "correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the

courts." *Id*. at 874 (citing *Kensu v. Haigh*, 87 F.3d at 174; *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). Despite these protections, though, prison officials may restrict a prisoner's right to receive mail if reasonably related to security or other legitimate penological objectives. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). The Sixth Circuit instructs that "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993). On the other hand, "prison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights." *Sallier*, 343 F.3d at 873-74 (citing *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986)).

Plaintiff alleges that Defendant Maglinger handed him "open legal documents" and that Defendant Bowman "brought legal mail to me already opened." The Court finds that Plaintiff's individual capacity-claims against Defendants Bowman and Maglinger for violation of his First Amendment rights will continue. Additionally, the Court will allow the First Amendment claim regarding opened mail to continue against Daviess County.[1]

## C. Access-to-courts claim

Plaintiff's amended complaint asserts that Defendants Jones and Moore "impeded or frustrated [his] access to courts." The amended complaint also refers to Plaintiff's "people" having sent legal mail to DCDC on February 19, 2019, but that over two weeks passed without him receiving his mail "till I threatened a 1983 suit they finaly agree to bring me the mail." However, Plaintiff does not allege that Defendants' conduct prejudiced him and, as such, fails to state an access-to-court claim. "In order to state a claim for denial of meaningful access to the courts . . . plaintiffs must plead and prove prejudice stemming from the asserted violation."

---

[1] Suing Daviess County employees in their official capacities is tantamount to suing Daviess County itself. Thus, the official-capacity claims against Defendants are redundant to the claims against Daviess County.

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *see also Lewis v. Grider*, 27 F. App'x 282, 283 (6th Cir. 2001) (holding that prisoner's claim for interference with access to courts through opening legal mail failed "as he alleged no prejudice to any pending litigation"). This claim will be dismissed.

### D. Due-process claim

Plaintiff refers to the Due Process Clause. The procedural component of the Due Process Clause . . . addresses the . . . right of individuals to a hearing regarding the deprivation by the state of a liberty interest[.]" *Doe v. Sullivan Cty., Tenn.*, 956 F.2d 545, 557 (6th Cir. 1992). Plaintiff has a liberty interest in receiving his mail. *See Procunier v. Martinez*, 416 U.S. 396, 418 (1974) ("The interests of prisoners and their correspondents in uncensored communications by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest[.]"), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). He does not allege that he has been prevented from seeing any of his mail; however, he alleges that his receipt of his mail was delayed. Nor does he allege that there was not a post-deprivation hearing process if, in fact, he was denied any of his mail. Thus, Plaintiff fails to state a procedural due-process claim.

As to the possibility of a cognizable substantive due-process claim under the First Amendment for denial of access to the courts by interference with his "legal mail," there must be some allegation that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech. *See Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsetti's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). As discussed above, Plaintiff does not allege that

5

Defendants' conduct censored his speech or in any way affected his access to the courts. *See, e.g., Pilgrim v. Littlefield*, 92 F.3d at 416; *see also Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010); *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks, footnote, and citations omitted). Thus, Plaintiff fails to state a due-process claim.

*E. Retaliation*

Although the amended complaint mentions retaliation, Plaintiff has not stated a retaliation claim. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Simply mentioning "retaliation" in his amended complaint does not suffice to state a claim. This Court "need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). A court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F .2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Assuming that Plaintiff's request to see his mail was a protected activity, Plaintiff does not allege that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct or that an adverse action was motivated, at least in part, by the

protected conduct. The Court, therefore, finds that the amended complaint fails to state a claim for retaliation.

### F. Plaintiff's request for this Court to retrieve evidence

The Court notes that Plaintiff asks this Court to retrieve DCDC "kiosk" messages and asks that this Court lessen his burden by allowing him to simply refer to the kiosk ID# in reference to a specific Defendant.

Plaintiff is advised that the Court does not obtain evidence for a party. The Court notes that the Order Directing Service and Scheduling Order accompanying this Memorandum and Order directs the Clerk of Court to send Plaintiff a copy of this Court's *Pro se* Prisoner Handbook. Plaintiff is directed to that Handbook as a resource for questions he may have as to what his responsibilities are and what the Court can and cannot do for him.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims for injunctive relief, access to courts, due process and retaliation are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to **terminate** Deputy Moore as a Defendant and to **add** Deputy David Bowman and Daviess County as Defendants.

The Court will enter a separate Order Directing Service and Scheduling Order to govern development of the remaining First Amendment claim related to the opening of his legal mail

against Defendants Bowman and Maglinger in their individual capacities and against Daviess County. In so doing, the Court expresses no opinion on their ultimate merit.

Date: October 16, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.009